United States Bankruptcy Court
Eastern District of Pennsylvania

In re:                                                                  Case No. 18-13706-mdc
Anntionette Jones                                                       Chapter 13
        Debtor

## CERTIFICATE OF NOTICE

District/off: 0313-2          User: Antoinett          Page 1 of 1              Date Rcvd: Apr 25, 2019
                              Form ID: pdf900          Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Apr 27, 2019.
db             +Anntionette Jones,    6678 Chew Avenue,    Philadelphia, PA 19119-1902

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                                TOTAL: 0

            ***** BYPASSED RECIPIENTS *****
NONE.                                                                                                TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Apr 27, 2019                              Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on April 25, 2019 at the address(es) listed below:
              KEVIN G. MCDONALD    on behalf of Creditor    Wilmington Savings Fund Society, FSB, d/b/a
               Christiana Trust, not individually but as trustee for Pretium Mortgage Acquisition Trust
               bkgroup@kmllawgroup.com
              KEVIN G. MCDONALD    on behalf of Creditor    DITECH FINANCIAL LLC bkgroup@kmllawgroup.com
              KEVIN G. MCDONALD    on behalf of Creditor    Rushmore Loan Management Services
               bkgroup@kmllawgroup.com
              MICHAEL D. SAYLES    on behalf of Debtor Anntionette   Jones midusa1@comcast.net,
               michaeldsaylesesq@comcast.net;r43253@notify.bestcase.com
              United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
              WILLIAM C. MILLER, Esq.    ecfemails@ph13trustee.com,   philaecf@gmail.com
                                                                                              TOTAL: 6

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Anntionette Jones <br>         Debtor | CHAPTER 13 |
| Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not individually but as trustee for Pretium Mortgage Acquisition Trust <br>         Movant <br> vs. | NO. 18-13706 MDC |
| Anntionette Jones <br>         Debtor <br><br> Glenn S. Jones <br>         Co-Debtor <br><br> William C. Miller Esq. <br>         Trustee | 11 U.S.C. Sections 362 and 1301 |

## AMENDED STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by the Movant on the Debtors' residence is **$3,018.82**, which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | December 2018 to February 2019 at $504.91/month |
| | March 2019 to April 2019 at $446.57/month |
| Suspense Balance: | $420.05 |
| Fees & Costs Relating to Motion: | $1,031.00 |
| **Total Post-Petition Arrears** | **$3,018.82** |

2. The Debtors shall cure said arrearages in the following manner:

    a). Within seven (7) days of the filing of this Stipulation, Debtors shall file an Amended Chapter 13 Plan to include the post-petition arrears of **$3,018.82**.

    b). Movant shall file an Amended or Supplemental Proof of Claim to include the post-petition arrears of **$3,018.82** along with the pre-petition arrears;

    c). The new 410A form for a Proof of Claim shall not be required for this Amended or Supplemental Proof of Claim.

3. Beginning with the payment due May 1, 2019 and continuing thereafter, Debtors shall pay to Movant the present regular monthly mortgage payment of $446.57 (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month).

4. Should Debtors provide sufficient proof of payments made, but not credited (front & back copies of cancelled checks and/or money orders), Movant shall adjust the account accordingly.

5. In the event the payments under Section 3 above are not tendered pursuant to the terms of this stipulation, Movant shall notify Debtors and Debtors' attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtors should fail to cure the default within fifteen (15) days, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting Movant immediate relief from the automatic stay and waiving the stay provided by Bankruptcy Rule 4001(a)(3).

6. If the case is converted to Chapter 7, Movant shall file a Certification of Default with the Court and the Court shall enter an order granting Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date:   April 9, 2019                By: /s/ Kevin G. McDonald, Esquire
                                     Attorney for Movant

Date:   April 12, 2019               *Michael D. Sayles*
                                     Michael D. Sayles, Esquire
                                     Attorney for Debtor

Date:   4/17/19                      William C. Miller, Esquire
                                     Chapter 13 Trustee            no pos  ITT

                                     *without prejudice to any
                                     trustee rights or remedies

Approved by the Court this 24th day of April, 2019. However, the court retains discretion regarding entry of any further order.

Bankruptcy Judge
Magdeline D. Coleman